People v Peguero (2026 NY Slip Op 01133)

People v Peguero

2026 NY Slip Op 01133

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Ind No. 73144/22|Appeal No. 5935|Case No. 2023-02642|

[*1]The People of the State of New York, Respondent,
vJason Peguero, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy Mitchell, J., at motion to dismiss; Albert Lorenzo, J., at plea and sentencing), rendered May 10, 2023, convicting defendant of criminal possession of a weapon in the fourth degree, and sentencing him to a conditional discharge, unanimously affirmed.
Defendant argues that his weapon possession conviction must be vacated as violative of his Second Amendment rights because he was convicted under a facially unconstitutional gun licensing scheme and because the seven months between his submission of an application for a gun license and his arrest constituted an unconstitutionally long delay. Pursuant to People v Johnson (— NY3d —, —, 2025 NY Slip Op 06528, *2 [2025]), defendant's facial challenge survives his voluntary waiver of the right to appeal, and he had standing to assert it on appeal regardless of whether he sought to obtain a gun license. However, the facial constitutional challenge fails on the merits because New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) did not strike down New York's gun-licensing regime in its entirely but rather invalidated the statute's proper cause requirement and left the balance of the statute undisturbed (see Johnson, 2025 NY Slip Op 06528, *3).
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]). Accordingly, his as-applied challenge to the licensing statute, premised on the claim that the purported delay in processing his gun license application was unconstitutional based on the particular circumstances of defendant's application, does not survive his valid appeal waiver (see Johnson, 2025 NY Slip Op 06528, *2). In any event, on the merits his argument fails because there is nothing in the record specifying the cause of the delay and because defendant failed to demonstrate that the delay was unconstitutionally long under the relevant circumstances. Finally, defendant's argument that the New York regulations cited in the ultimate denial of his gun license application were the equivalent of the proper cause requirement that the Bruen court struck down rests on an inadequately developed record. The argument fails in any event because the gun possession offense for which defendant was prosecuted was complete before the ruling on his license application.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026